1  Michele R. Stafford, Esq. (SBN 172509)
   Muriel B. Kaplan, Esq. (SBN 124607)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  mkaplan@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS 11  WORKERS PENSION PLAN, et al. | Case No.:  C13-0288 MMC  **JUDGMENT PURSUANT TO STIPULATION** |
| 12          Plaintiffs, | |
| 13     v. | |
| 14  LML ENTERPRISES, INC., a California corporation, | |
| 15          Defendant. | |
| 16 | |

17

18      IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

19  parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs

20  NORTHERN CALIFORNIA GLAZIERS TRUST FUNDS, et al. (collectively "Plaintiffs" or

21  "Trust Funds") and against Defendant LML ENTERPRISES, INC., a California corporation,

22  and/or alter egos and/or successor entities (collectively "Defendant"), as follows:

23      1.   Defendant entered into a valid Collective Bargaining Agreement with the Northern

24  California Glaziers Master Agreement between District Council 16 and Northern California Glass

25  Management Association (hereinafter "Bargaining Agreement").  This Bargaining Agreement has

26  continued in full force and effect to the present time.

27  / / /

28  / / /

2. Defendant has become indebted to the Trust Funds as follows:

| October 2012 | Contributions | $2,295.46 | |
|---|---|---|---|
| | 20% Liquidated Damages | $459.09 | |
| | 5% Interest (through 2/27/13) | $27.99 | |
| | | | $2,782.54 |
| November 2012 | Contributions | $1,323.86 | |
| | 20% Liquidated Damages | $264.77 | |
| | 5% Interest (through 2/27/13) | $10.52 | |
| | | | $1,599.15 |
| December 2012 | NO EMPLOYEES | | |
| January 2013 | NO EMPLOYEES | | |
| Liquidated Damages (April 2012) | | | $153.87 |
| | | **SUB-TOTAL:** | **$4,535.56** |
| **Attorneys' Fees (through 2/26/13)** | | | **$7,573.50** |
| **Cost of Suit** | | | **$350.00** |
| | | **TOTAL:** | **$12,459.06** |

3. Defendant shall *conditionally* pay the amount of **$11,581.33,** representing all of the above amounts, less liquidated damages in the amount of **$877.73**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **March 15, 2013**, and on or before the 15th day of each month thereafter for a period of twelve (12) months through and including February 15, 2014, Defendant shall pay to Plaintiffs the amount of **$991.00** per month;

(b) Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Any and all joint checks received for amounts owed under the Stipulation will be applied to reduce the balance due. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from February 28, 2013, at the rate of 5% per annum in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements;

(d) Checks shall be made payable to the ***Northern California Glaziers Trust Fund***, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

(e)     At the time that Defendant makes its 11th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their 11th payment.  Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

(f)     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.  Defendant shall pay all additional attorneys' fees and costs regardless of whether or not Defendant defaults herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the February 15, 2014 stipulated payment; and

(g)     Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶10 shall apply.

4.     In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendant to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***.  If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5.     Beginning with contributions due for hours worked by Defendant's employees during the month of February 2013, due on March 15, 2013 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this

Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreements and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax a copy of its contribution report for each month, together with a copy of that payment check, *to Michele R. Stafford at 415-882-9287*, prior to sending the payment to the Trust Fund office.

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

6.  Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.  To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports *will be faxed to Michele R. Stafford* concurrently with its submission to the General Contractor, Owner or other reporting agency.

These requirements are concurrent with, and in addition to, the requirements set forth above.  Defendant shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶5 of this Stipulation) *to Michele R. Stafford at 415-882-9287,* on before the last business day of each month.  Attached hereto as ***EXHIBIT A*** is a Job Report Form, which is to be completed each month.

7.  Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶10 shall apply.  Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant specifically waives

the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8. **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement.

(a) In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees;

(b) Defendant will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford;

(c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due;

(d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein; and

(f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall

1   immediately become part of this Judgment.

2   9.  Sean Christopher Lyons acknowledges that he is the CEO/President and a principal shareholder of LML ENTERPRISES, INC., and that he specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein.  Mr. Lyons (hereinafter "Guarantor") also confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to LML ENTERPRISES, INC. and/or any subsequent entity wherein Mr. Lyons is a principal, officer, owner, or possesses any ownership interest shall also be bound by the terms of this Stipulation as Guarantors.  All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

10.  In the event that Defendant / Guarantor fails to make any payment required under ¶3 above, or otherwise default on their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)  The entire balance of **$12,459.06**, as specified in ¶2, plus interest, but reduced by principal payments received from Defendant / Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)  A Writ of Execution may be obtained against Defendant / Guarantor without further notice to Defendant / Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant / Guarantor and the balance due and owing as of the date of default;

(c)  Defendant / Guarantor waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant / Guarantor; and

      (d)    Defendant / Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant / Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

    11.    Any failure on the part of Plaintiffs to take any action against Defendant / Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant / Guarantor of any provisions herein.

    12.    In the event of the filing of a bankruptcy petition by Defendant / Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant / Guarantor nevertheless represents that no bankruptcy filing is anticipated.

    13.    Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

    14.    This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant / Guarantor to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant / Guarantor acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant / Guarantor and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreements, and applicable laws and regulations.

15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendant / Guarantor represents and warrants that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and is fully aware of and represent that they enter into this Stipulation voluntarily and

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: February 27, 2013    **LML ENTERPRISES, INC.**

By: _____/s/_____
Sean Christopher Lyons, CEO/President

Dated: February 27, 2013    **SEAN CHRISTOPHER LYONS**

By: _____/s/_____
Individually as Personal Guarantor

Dated: February 27, 2013    **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: February 28, 2013

_[signature]_
UNITED STATES DISTRICT COURT

-8-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C13-0288 MMC

## EXHIBIT A

## JUDGMENT PURSUANT TO STIPULATION

### JOB REPORT FORM

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287 on the 15th day of each month \*\*\***

**Employer Name: LML ENTERPRISES, INC. (Glaziers)**

**Report for the month of** _____ **Submitted by:** _____

*Please spell out the names of projects, owners and general contractors.*

| | |  | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | |  | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | |  | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*\*\*\* Attach additional sheets as necessary \*\*\**